MARTHA LYONS, Respondent, v. WILLIAM LYONS, Administrator, Appellant.

St. Louis Court of Appeals, May 12, 1903.

1. **Administration**: RENTS AND PROFITS FROM LAND: ADMINISTRATOR AND SURETIES LIABLE THEREFOR. The rents and profits of land belonging to a deceased person, collected by his administrator, although such land was not rented by an order of the probate court, are chargeable nevertheless against him, and he is and his sureties are liable on his bond.

2. ———:· ADULTERY FORFEITS QUARANTINE: R. S. 1899, SECS. 2953 AND 2954. Revised Statutes 1899, section 2954, provides that, until dower be assigned, a widow may remain in and

enjoy the mansion house of her husband without being liable to pay rent therefor. Section 2953 provides that if a wife voluntarily leave her husband, and go away and continue with an adulterer, she shall be barred from her jointure or dower, unless her husband be voluntarily reconciled: *Held*, that, where a wife had abandoned her husband and lived in adultery with another man, she was not entitled to quarantine or dower.

3. ———: PROBATE COURT, JURISDICTION OF: RENTS. The probate court had jurisdiction to make an order on the administrator to pay such rents to the widow of the deceased.

4. ———: HOMESTEAD: ABANDONMENT OF WIFE: RENTS. If the deceased was occupying certain premises as his homestead at the time of his death, his widow, although she may have abandoned him many years prior to his death, still would be entitled to a homestead therein, and as a corollary thereto, also to the rents collected by the administrator by reason of such homestead.

5. ———: WIDOW NOT A COMPETENT WITNESS. Widow of deceased was not a competent witness to prove her marriage, in a suit by her for rents arising from his homestead, nor to prove any conversation with him, nor his treatment of her while they lived together as husband and wife.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

REVERSED AND REMANDED.

*David Murphy* and *Kleinschmidt & Reppy* for appellant.

(1) The court acquired no jurisdiction over the parties by mere notice from one to the other, and the ruling of the probate court on that question was correct, and the ruling of the circuit court error. Smith v. Hawger, 150 Mo. 445. And it is immaterial whether the question was raised in the lower court. State ex rel. v. Bland, 144 Mo. 559; Lilly v. Menke, 126 Mo. 212. (2) Considering the appellant as a discharged administrator, neither the probate court, nor the circuit court on appeal, had power to order an accounting to respondent, nor power to order a paying over to her all rents

collected and a declaration of her rights in the premises. State ex rel. v. Henricks, 82 Mo. 542; Butler v. Lawson, 72 Mo. 227. (3) Discarding her testimony as incompetent and inadmissible, there is no substantial evidence to support the judgment and decree of the circuit court. Davis v. Greene, 102 Mo. 170; Curd v. Brown, 148 Mo. 92.

*John J. O'Connor* for respondent.

(1) If the administrator collects the rents without consent, whether under order of the probate court or without such order, he must account for same. And, on motion, the probate court has power to order the administrator to account and pay over such rents so collected by him. And, in making such payment, the administrator can not retain one cent of such rent for taxes, interest or any other purpose; he must pay it all over. Secs. 2954, 1753, R. S. 1899; Gentry v. Gentry, 122 Mo. 202. (2) It is true the administrator is not bound to take charge of or rent the lands of the deceased, unless ordered to do so by the probate court, but if he does do so without an order, he will be liable on his bond for such rents. In re Estate of Soulard, 141 Mo. 673; Lewis v. Carson, 93 Mo. 591; Gentry v. Gentry, supra. Quarantine is not dower, and does not depend on the good or bad conduct of the widow. But, if it be considered an incident of dower, and held to go only where the widow would also be entitled to dower, the widow's adultery with Brown would not bar her under section 2953, Revised Statutes 1899, as she did not abandon her husband for an adulterer, but, on the contrary, was driven away by the brutal treatment of her husband. Payne v. Dotson, 81 Mo. 151; Hoyt v. Davis, 21 Mo. App. 235.

BLAND, P. J.—On June 29, 1901, Martha Lyons (colored) filed, in the probate court of Jefferson county, her petition or motion representing that she was the

widow of Edward Lyons, who three years prior thereto died seized and possessed of a ninety-acre tract of land, situated in said county, upon which he resided at the time of his death and which constituted his homestead; that William Lyons was the administrator of the estate of Edward Lyons and, as such administrator, had for three years next before the filing of the petition rented said homestead and had collected four hundred dollars as rent thereon; that the petitioner was entitled to said rents, but the administrator on demand had failed to deliver them to her, and asked that the probate court make an order requiring the administrator to forthwith account for and pay over to her all rents collected by him on said homestead and that he be required to appear and show cause, if any he had, why the prayer of the petitioner should not be granted.

Notice of the filing of the petition was served on the administrator.

On July 27, 1901, the probate court found that it had not ordered the administrator to rent the premises and that it had no jurisdiction of the subject-matter, and dismissed the proceedings. Martha Lyons appealed from this judgment.

On the same day the probate court dismissed the proceedings, it made an order removing William Lyons as administrator and ordered the public administrator to take charge of the estate.

On a trial *de novo*, in the circuit court, to the court sitting as a jury, the court found for Martha Lyons and rendered judgment that she recover of William Lyons $275, on account of the rents collected on the homestead of Edward Lyons by the said William Lyons, with six per cent interest thereon from the date of the commencement of the suit, ordered that William Lyons, administrator, account to the probate court for said rents, and that Martha Lyons have the free use and occupancy, rents and profits of the premises until dower therein

be assigned her and directed the probate court to enforce the order. From this judgment William Lyons appealed.

1.   The evidence shows that defendant, as administrator, collected the rents of decedent's lands for two years and accounted to the probate court therefor, i. e., he reported the rents and was charged therewith as administrator by the probate court.   When this action was taken he and his sureties on his bond were bound to account for such rents whether or not the probate court had ordered him to rent the land.   State, to use of Peppler, Admr. etc., v. School et al., 47 Mo. 84; Gamble v. Gibson, 59 Mo. 585; Dix v. Morris, 66 Mo. 514; Lewis v. Carson, 93 Mo. 1. c. 581. And the probate court was in error when it held that it had no jurisdiction to make an order on the administrator to pay these rents to plaintiff.

2.   The circuit court not only found that plaintiff was entitled to the rents collected, but also that she was entitled to dower in the lands, and directed the probate court to take steps to have her dower set off to her.

Plaintiff's own evidence shows that at least twenty years prior to the death of Edward Lyons she had abandoned him and had lived in a state of adultery with another negro named Brown, by whom she had five or six illegitimate children.   On her own evidence she was not entitled to quarantine (sec. 2954, R. S. 1899) nor is she entitled to dower (sec. 2953, R. S. 1899).

3.   In Brown v. Brown's Admr., 68 Mo. 388, following the decisions of the New Hampshire Supreme Court, our Supreme Court held that the wife's right of homestead is an inchoate right and is not lost by her abandonment of her husband and family.   The same ruling was made in Whitehead v. Tapp, 69 Mo. 415.

In Duffy v. Harris, 40 L. R. A. (Ark.) 750, following the New Hampshire and Missouri cases, it was held that the abandonment by the wife of her husband and living apart from him in another State, though in

adultery, did not forfeit her right to his homestead under the Constitution of that State.

It has been held in Texas, Tennessee and Michigan that abandonment of the husband by the wife forfeits her rights to his homestead.

It appears that in most of our States, including our own, the law is the other way, and that so long as the husband has a domicile his domicile is the legal domicile of his wife wherever and however she may in fact dwell and that on his death her inchoate right to his homestead ripens into a life estate, and we conclude that if the premises constituted Edward Lyons' homestead at the time of his death, plaintiff is entitled to the rents collected by the defendant as administrator. But it is not made clear by the evidence that the premises constituted Edward Lyons' homestead.

The case seems to have been decided on a wrong theory of the law. In the absence of any direct testimony that plaintiff is entitled to homestead in the premises, we will reverse the judgment and remand the cause with the suggestion that as it appears Edward Lyons left a minor child, the interest of this minor be protected in the event it is found that plaintiff is entitled to the rents and to homestead in the premises.

4. Plaintiff was not a competent witness to prove her marriage to Edward Lyons, nor any conversation with him, nor his treatment of her while they lived together as husband and wife.

The judgment is reversed and the cause remanded. *Reyburn* and *Goode, JJ.,* concur.