GOUV. MORRIS et al., Plaintiffs in error, v. GEORGE S. STEPHENSON et al., Defendants in error.

**Kansas City Court of Appeals, January 27, 1908.**

**WILLS: Construction: Real Estate: Equitable Conversion: Sharing in Rent: Sheriff's Deed.** A will specifically disposed of all the testator's property except certain real estate and provided that said estate "be sold at private sale by my executor . . . and the proceeds . . . be divided equally between my children," naming them. *Held,* that the real estate was converted into money from the death of the ancestor and not from the date of the sale occurring some two years later. And, *held,* further, that a judgment creditor of one of the children named who sold and took a sheriff's deed for that child's interest in the real estate, acquired nothing and was not entitled to share in the rents and profits during the two years.    [Authorities considered.]

Error to Holt Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*L. H. Finney* for plaintiffs in error.

(1)   The court erred in rendering judgment for the defendants and in overruling the plaintiffs' motion for a new trial, holding as it did that the language of the thirteenth clause of the will effected an equitable conversion of the real estate therein mentioned into personal property and thus exempting it from the lien of plaintiffs in error's judgment.   Eneberg v. Carter, 98 Mo. 647.   (2)   A tenant in common who collects rent of the common property is liable to his cotenant for such tenant's proportionate share.   Bates v. Hamilton, 144 Mo. 1.   The remedy is by suit in equity.   Id.

Morris v. Stephenson.

*Frank Petree, A. Van Buskirk* and *Ivan Blair* for respondents.

(1) Under the rule invoked by the doctrine of equitable conversion, if the direction to the executor to sell real estate and distribute the proceeds as personalty is imperative, and vests no discretion in the executor as to whether he shall sell or not, it operates immediately upon the death of the testator, and therefore determines the devolution of the property to the heirs, devisees or executors, not according to the character in which the testator left it, but according to that into which he has directed it to be converted.    2 Woerner, Am. Law of Adm., sec. 342; 7 A. & E. Enc. Law (2 Ed.), pp. 465 et seq.; 9 Cyc. p. 837, par. 9; Francisco v. Wingfield, 161 Mo. 556; Compton v. McMahan, 19 Mo. App. 494; Roland v. Miller, 10 Pa. St. 47; Cook's Ex'r v. Cook's Adm'r, 20 N. J. Eq. 375; Dutton v. Pugh, 45 N. J. Eq. 456; Crane v. Bolles, 49 N. J. Eq. 373; Effinger v. Hall, 81 Va. 84; Dodge v. Williams, 46 Wis. 70; Hammond v. Putnam, 110 Mass. 232; Baker v. Copenbarger, 15 Ill. 103; Brolasky v. Gally, 51 Pa. St. 509.    (2)    Money directed to be turned into land descends to the heirs; and land directed to be turned into money goes to the personal representatives.    Bispham Eq. (4 Ed.), sec. 314; 7 Am. & Eng. Enc. Law, p. 475; 9 Cyc. p. 851; 2 Woerner Am. Law, sec. 342; Francisco v. Wingfield, 161 Mo. 557; Donaldson v. Allen, 182 Mo. 647; Hammond v. Putnam, 110 Mass. 232.    (3)    The rents and profits of real estate may by the will of the deceased owner be made assets with which the executor or administrator is chargeable, either by a devise to him, or by a power of sale, which operates as an immediate conversion of real estate into personalty.    11 A. & E. Enc. Law, p. 1210; Ingram v. Mackey, cited same page; 2 Woerner, Am. Law of Adm., sec. 513.    (4)    Where land has been equitably converted into money, a judgment against the beneficiary does not create any lien upon his interest in the land, nor is his

interest subject to sale on execution. 7 A. & E. Enc. Law (2 Ed.), p. 476; 9 Cyc. p. 851, par. 6, and cases cited; Baker v. Copenbarger, 15 Ill. 103; Jones v. Caldwell, 97 Pa. St. 43, and cases cited; Brolasky v. Gally, 51 Pa. St. 509; Evans Ap., 63 Pa. St. 183; Roland v. Miller, 10 Pa. St. 47.    (5) In the construction of a will, the court always starts with the presumption that the testator intended to dispose of his whole estate. Watson v. Watson, 110 Mo. 171; Robards v. Brown, 167 Mo. 457; Willard v. Darrah, 168 Mo. 670; Simmons v. Cabanne, 177 Mo. 353; 30 A. & E. Enc. Law (2 Ed.), p. 668.

BROADDUS, P. J.—This is a suit in equity, wherein plaintiffs seek to recover from the defendants a one-fifth share of the rents and profits of a quarter section of land situated in Holt county, Missouri, for the years of 1901 and 1902. The said defendants all except Beulah Stephenson, being heirs at law of John F. Stephenson, who died in January, 1901, possessed of said land, Beulah being a grandchild, and the plaintiffs being the judgment creditors, of Robert S. Stephenson, who claimed to have purchased under execution sale his interest in the tract of land mentioned and received a deed therefor in April, 1901. The defendant George S. Stephenson, the executor of the will of the deceased, collected the rents of the premises for said two years which amounted in value to $643.27.

The deceased by his will disposed of all of his real estate except the land in dispute and provided for certain specific bequests to be paid out of his personal property. By section 13 of his will he provided for the sale of the land in these words: "  .  .  .  be sold at private sale by my executor hereinafter named, for the best price obtainable and the proceeds derived therefrom together with residue and the remainder of my estate less expenses be divided equally between my children

George S.; Robert S.; Bertha L.; Dora; and Teressa; and my grandchild Beulah, who is a daughter of my daughter Teressa, equally share and share alike." The will was admitted to probate January 22, 1901, and on March 18, 1901, an execution issued from the circuit court of Holt county on a judgment of said court against Robert S. Stephenson, a son of the deceased and one of the beneficiaries named in clause 13 of said will and was levied on his interest in the real estate mentioned in said clause. At the execution sale the plaintiffs became the purchasers and a sheriff's deed was made to them conveying the interest of said Robert S. Stephenson in said real estate.

On March 8, 1901, Robert S. sold and assigned all his interest of every kind and character in the estate of the deceased to M. A. Stephenson and company. George S. the executor took possession of the land and collected the rent for the years of 1901 and 1902 and paid it to the beneficiaries named in said clause of the will except the one-sixth share of Robert S. which he paid to his assignee, M. A. Stephenson. The judgment and finding of the court were for the defendants from which plaintiffs appealed.

The plaintiffs contend that under the sheriff's deed purporting to convey to them the interest of Robert S. in said land they are entitled to one-fifth of the rents for the two years between the death of the testator and the sale by the executor. They assert that during these two years the land was undisposed of by the will and was vested in the five heirs of the deceased by inheritance. The defendants contend that the will disposed of the whole of the testator's property; that the said clause of the will operated upon the death of the testator as an immediate conversion of the real estate and by necessary implication immediately vested the same in the executor to be disposed of by him as personalty for the beneficiaries named; and that consequently Robert S. took no in-

terest in said land by inheritance, and that plaintiffs acquired no interest in the said land by their sheriff's deed.

The plaintiffs in support of their theory, rely upon Eneberg v. Carter, 98 Mo. 647, from which we quote the following: "A will devising an estate to the heirs, and empowering the executor to sell the real estate as soon as could be done without loss, contains no express devise in fee to the executor and none by implication, and the fee in such case remains in the heirs at law, both by the devise and by the Statute of Decents, until divested by sale by the executor under the terms of the will. Until such sale no conversion of the estate into money occurs, and the interest of the heir is subject to sale under execution."

The provisions of the will in the case under consideration are somewhat different from the one referred to, the land not being devised to the decedent's heirs and the granddaughter Beulah. In fact there was no devise of the land, but a direction to the executor to sell it and divide the proceeds among the beneficiaries. As we have seen, it was not sold until two years after the death of the testator. Ordinarily the property of a deceased person in the absence of some disposition of it by will, descends to his heir at law. In Francisco v. Wingfield, 161 Mo. 542, the following provision in a will was before the court for construction, viz.: "I will the remainder of my land . . . be sold by my executors, the money arising from the sale of said land to be loaned out, and that my wife be permitted to use the interest of the same in assisting her in the raising of and educating of my younger children." The court after quoting section 342 from Second Woerner's American Law of Administration used the following language: "It will be observed that the will in the present case directed an absolute and peremptory sale of the real estate by the executors. This we think operated as a conversion of the same into personal property, if not from the death of

the testator, at least from the date of the sale." There is another distinction between the provisions of the will under consideration and the one considered in Eneberg v. Carter, supra, where the will provided that the executor should sell the land "as soon as could be done without loss." Here, however, the power of the executor to sell is without any conditions or restrictions whatever. It is absolute.

Section 342, Woerner's Law of Administration, in reference to construction in equitable conversion contains the following language: "The rule invoked by this doctrine is, that in equity property will be treated as being already what the testator intended it to become. If the conversion is complete out and out, or absolute for all purposes, it operates immediately upon the death of the testator and therefore determines the devolution of the property to the heir, devisee or executor,—not according to the character in which the testator has left it, but according to that into which he has directed it to be converted, and the rights and liabilities of those interested in it attach from the moment of the testator's death, as if it were then converted, no matter when the actual conversion takes place."

The question was before this court in Compton v. McMahan, 19 Mo. App. 494, in which ELLISON, J., delivered the opinion; wherein the language of the will was: "it is my wish and desire that my executors shall, as soon as it would be profitable and convenient, sell my real estate at such times and in such terms as they may deem best and proper." The learned judge came to the conclusion that only a naked power was given to the executors to sell and they took no estate in the land, and that it descended to the heirs at law. That it however was an equitable conversion of the land into money, at the time of the sale and not at the death of the testator. But the opinion is to the further effect that where the ancestor directs land to be sold absolutely and uncondi-

tionally without discretionary power in the executor as to time or otherwise, the land is considered money from the date of the ancestor's death. The provision in the will is similar to that in Eneberg v. Carter, supra. The law as stated by Woerner, supra, finds support in Broloasky v. Gally's Executors, 51 Pa. St. 508; Baker v. Copenbarger, 15 Ill. 103; Ellinger v. Hall, 81 Va. 94; Cook's Executors v. Cook's Adms., 20 N. J. Eq. 375; Dodge v. Williams, 46 Wis. 70. Many other authorities are to the same effect.

The Eneberg-Carter case, supra, when rightfully considered is not in conflict with the rule that when under the will the power to sell real estate and apply the proceeds to the payment of legacies, or to other purposes is direct and unconditional, the conversion takes place upon the death of the testator and not from the date of the sale, for it will be observed that the power to sell was coupled with condition, that the sale was to be made as soon as it could be done without loss, which in the opinion of the court did not prevent the estate from descending to the heirs, it having been in the first place also devised to the said heirs. The law as we view it is, that under the provisions of the will the power given the executors to sell the estate in question, the conversion of the real estate took place at the death of the testator and not at the date of the sale. It follows therefore that plaintiffs got no interest in the estate by virtue of their sheriff's deed.

Cause affirmed. All concur.