ANNIE C. COLLARD, Appellant, v. NELSON C. BURCH, Administrator, etc., Respondent.

**Kansas City Court of Appeals, May 31, 1909.**

1. **APPELLATE PRACTICE: Conflict: Weighing Evidence: Marriage.** In a law case the finding of a trial court on the issues of fact, should be treated as the verdict of a jury. And when supported by substantial evidence, the appellate court must accept it as final, even when it relates to a contract of marriage, when there is no issue born thereof.

2. **WITNESSES: Marriage: Competency of Survivor.** Marriage is a civil contract, by one man and one woman. When its existence is called in question after the death of one of the parties, the survivor is not competent to testify to the contract and its performance.

3. **EVIDENCE: Marriage: Admissions: Competency of Survivors.** When marriage is called in question after the death of one of the parties, it is competent to offer in evidence the admission of the survivor, that she was single or acts holding herself out as a single woman; and she is not a competent witness to explain such acts.

Appeal from Cole Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

*W. S. Pope, J. B. Harris* and *L. H. Waters* for appellant.

(1)   The court erred in refusing to allow the plaintiff to testify as to her marriage with J. D. Collard. Green v. Green, 126 Mo. 17; White v. Maxey, 64 Mo. 552; Hoyt v. Davis, 30 Mo. App. 313; Spalding v. Conway, 51 Mo. 54; Brandon v. Dawson, 51 Mo. App. 244; Drinkhouse Est., 151 Pa. St. 294, 24 Atl. 1083.   (2) The court erred in allowing the defendant to read in evidence plaintiff's application to be appointed a Notary Public, her appointment and bond.   Plaintiff pos-

sessed the necessary qualifications. R. S. 1899, sec. 8832. Even if she were Collard's wife she was a *de facto* notary. Wilson v. Krinnel, 109 Mo. 260. (3) The court erred in refusing to allow plaintiff to explain why the application for a notary's commission was in the name of Anna C. Williamson. Kneuzel v. Stevens, 155 Mo. 280; McCarty v. Transit Co., 194 Mo. 396; Bank v. Wood, 124 Mo. 72; Johnson v. Johnson, 30 Mo. 72; La Riviere v. La Riviere, 77 Mo. 572.

*A. T. Dumm* for respondent.

(1) Where, as in this case, an action at law is tried by the court sitting as a jury, and no declarations of law are asked or given, the finding of the court has the conclusiveness of the verdict of a jury, and is incontrovertible on appeal. Bozarth v. Legion of Honor, 93 Mo. App. 567, and cases cited; Rogers v. Hopper, 94 Mo. App. 440; James v. Hicks, 76 Mo. App. 115; Gentry v. Templeton, 47 Mo. App. 58; Sweitzer v. Banking Co., 76 Mo. App. 8; Nelson v. Railroad, 66 Mo. App. 651; Crain v. Peterman, 200 Mo. 298; Zimmerman v. Railroad, 156 Mo. 566; Sutter v. Raeder, 149 Mo. 307; Crane v. Timberlake, 81 Mo. 431; Comer v. Statham, 173 Mo. 248; Smith v. Royse, 165 Mo. 658, and cases cited; Pearson v. Gillett, 55 Mo. App. 318. (2) The court did not err in refusing to permit plaintiff to testify to the marriage, the other party to the contract or cause of action in issue and on trial being dead. R. S. 1899, sec. 4652; Imboden v. Trust Co., 111 Mo. App. 231; 19 Am. and Eng. Ency. Law (2 Ed.), 1198; 30 Am. and Eng. Ency. Law (2 Ed.), 986, note 5; Rice v. McFarland, 41 Mo. App. 489; Ashbrook v. Letcher, 41 Mo. App. 369, 373; Ring v. Jamison, 66 Mo. 429; Angell v. Hester, 64 Mo. 142; Looker v. Davis, 47 Mo. 145; Johnston v. Johnston, 173 Mo. 120; Granger v. Bassett, 98 Mass. 462. (3) The court did not err in admitting in evidence certified copies of plaintiff's application to be appointed a notary public, her commission and bond.

1 Am. and Eng. Ency. Law (2 Ed.), 675; Schlicker v. Gordon, 19 Mo. App. 485; 1 Greenleaf on Evidence (16 Ed.), secs. 171, 195; 1 Ency. Evidence, pp. 357, 362; Bank v. Nichols, 202 Mo. 323. (4) The court did not err in refusing to allow plaintiff to testify as to her reasons for taking out the notary's commission in the name of Williamson. To have permitted her to undertake to explain away every damaging circumstance introduced against her would have nullified the force and effect of the statute (sec. 4652, R. S. 1899) which made her an incompetent witness, the other party to the contract or cause of action in issue and on trial being dead. Authorities cited under point 2, supra. (5) The evidence is insufficient to establish the marriage relation between plaintiff and Collard, the deceased, and the judgment is for the right party. Imboden v. Trust Co., 111 Mo. App. 220; Imboden v. Trust Co. (Mo. App.), 107 S. W. 400; Topper v. Perry, 197 Mo. 531; Ashford v. Insurance Co., 80 Mo. App. 644, 645; Cargile v. Wood, 63 Mo. 513, 26 Cyc., 872-877; 19 American and English, Ency. Law (2 Ed.), 1204, 1205, 1206; Rodgers on Domestic Relations, secs. 94, 96, 97; Schouler on Husband and Wife, p. 49; McKenna v. McKenna, 180 Ill. 577; Yardley's Estate, 75 Pa. St. 207, 211; Bicking's Appeal, 2 Brewst. (Pa.) 230; 14 Am. and Eng. Ency. Law (1 Ed.), 530.

JOHNSON, J.—Plaintiff began this proceeding in the probate court of Cole county by filing a claim under the statute for an allowance as the widow of J. D. Collard who died in Cole county in March, 1907. The administrator with will annexed resisted the claim on the ground that plaintiff was not the widow of the decedent. The probate court tried this issue and decided it in favor of the administrator. Plaintiff appealed to the circuit court, a jury was waived and a trial of the cause to that court resulted in judgment for the administrator. No declarations of law were asked or given.

Plaintiff brought the case here by appeal. Plaintiff endeavored to prove her marriage to Mr. Collard in 1904. In the opening statement of her counsel, the claim was made that a marriage ceremony was performed by the probate judge at Leavenworth, Kansas, but this claim was not supported by formal proof and the evidence adduced by plaintiff consisted of facts and circumstances which tended to show that from 1904 to the date of Mr. Collard's death, the parties lived together as man and wife in a manner to indicate the existence of a marriage either by formal ceremony or at common law. On the other hand, the evidence offered by the administrator strongly tended to prove that the cohabitation of the parties was illicit. We see no occasion for reciting the facts. Suffice it to say that the contention of each party was well sustained by evidence—so well and evenly sustained that were we sitting as triers of facts, we would find it difficult to decide on which side lies the weight of the evidence. Being a law case, the finding of the trial court on the issues of fact should be treated as the verdict of a jury, and since we find it supported by substantial evidence, we must accept it as a final adjudication of such issues and affirm the judgment, provided we further find that the case was tried without error prejudicial to plaintiff. As there was no issue born of the alleged marriage, we see no reason for departing from the rule that appellate courts will not weigh evidence in law cases.

Plaintiff offered to testify as a witness in her own behalf, but the court sustained the objection to her competency and ruled that she could not testify to anything which occurred prior to the granting of the letters of administration. In other words, the court held that the other party to the alleged marriage being dead, plaintiff was disqualified as a witness by the provisions of section 4652, Revised Statutes 1899. Plaintiff argues that the court erred in its ruling and that she should have

·been allowed to testify to the marriage. We think where the cohabitation is not charged to have been illicit the widow is a competent witness to the fact of marriage. [White v. Maxey, 64 Mo. 552.] But where, as here, the main issue is marriage or no marriage, the party who is attempting to enforce rights based on the existence of a marriage contract falls within the proviso of the statute above cited and is incompetent as a witness. We quote what was said on this subject by the St. Louis Court of Appeals in the following excerpt from the opinion in Imboden v. Trust Co., 111 Mo. App. 220:

"The status appellant sought to establish, if it existed, was based upon and arose out of the contract of marriage, therefore the vital issue in the case is, whether or not Imboden, the deceased, and the petitioner did enter into a contract of marriage. Marriage in this State is a civil contract by one man and one woman competent to contract, whereby they are mutually bound to each other so long as they both shall live for the discharge to each other and to the public of the duties and obligations which by the law flow from said contract. [Banks v. Galbraith, 149 Mo. l. c. 536, 51 S. W. 105; State v. Bittick, 103 Mo. 183, 15 S. W. 325; Dyer v. Brannock, 66 Mo. 391.] And when not entered into under a license as provided by statute in relation thereto, nor solemnized according to the rites of any religious denomination or order and made a matter of public or church record, the contract is to be proven like any other contract; if in writing, by the writing; if not in writing, then by verbal testimony. What the petitioner sought to establish was a verbal contract of marriage, a common-law marriage, a simple civil contract, which she claims she entered into with Imboden. Now Imboden being dead, it seems to me she is not a competent witness to prove the contract itself. [R. S. 1899, sec. 4652; Lins v. Lenhardt, 127 Mo. 271, 29 S. W. 1025; Curd v. Brown, 148 Mo. 82, 49 S. W. 990; Lyons v. Lyons, 101

Mo. App. 494, 74 S. W. 467.]" The rule thus announced is in accord with the more recent decisions of the Supreme Court as will appear from an examination of the cases cited and we feel bound to accept it. Plaintiff was not a competent witness to the contract of marriage.

It appears plaintiff was employed in the office of a loan broker in Kansas City during the entire period of her claimed marital relation with the decedent and that her employer followed the self-imposed rule of not employing married women. During their cohabitation in Kansas City, plaintiff and decedent went under an assumed name partly for the reason, so plaintiff contends, of secreting the fact of her marriage from her employer in order that she might retain her employment. She found it necessary to obtain a commission as notary public and applied for and was granted a commission which was issued to her in her maiden name. It is argued by plaintiff the court erred in allowing defendant to introduce her application, appointment and bond in evidence. We must rule against plaintiff on this point. Any evidence was relevant and material which tended to show that during the period she now claims she was the wife of the decedent she held herself out to the world as a single woman. Her application in her maiden name for the commission was in the nature of an admission and as such was admissible. Nor do we think the court erred in refusing to permit her to take the stand for the purpose of giving her reasons for applying for a commission in her maiden name. Obviously the offer was a mere excuse for an opportunity to testify to the existence of a marriage contract and in that way to evade the prior ruling of the court that she was an incompetent witness. A careful inspection of the record convinces us that no error prejudicial to the plaintiff was committed by the trial court.

The judgment is affirmed. All concur.