SIMEON WILLIAMS et al., Defendants in Error, v. EVI WILLIAMS, Plaintiff in Error.

Kansas City Court of Appeals, May 16, 1910.

1. ADMINISTRATION: Claim Against Executor for Rent of Devised Property: Courts: Jurisdiction. Defendant was executor of a will under which he was directed to sell the real estate and distribute the proceeds amongst the legatees. The defendant occupied the real estate for a year. In his final settlement defendant did not charge himself with such rent, and the legatees filed exceptions thereto, which were disallowed. They then filed this suit for rent, in the circuit court, first against defendant as an individual, and later, by amended petition, against him as executor. The action will not lie, not because of sections 74, 75, 76, 77 and 78, R. S. 1899, which furnish drastic remedies against an executor or administrator who wrongfully fails to account for the property which he receives as such, but rather under the spirit of sections 98 and 99, R. S. 1899, which provide for the status of an indebtedness of an administrator or executor to the decedent. Such debts

are to be treated as assets in the hands of the executor or administrator, and as such to be accounted for in the ordinary course of administration. As the probate court has exclusive jurisdiction of such matters, the circuit court had no jurisdiction in this case.

2. WILLS: Real or Personal Property: Equitable Conversion: Parties. The executor having been ordered to sell the land in question and pay the proceeds to the legatees, plaintiffs had no interest in said land under the terms of the will, and the plaintiffs were not entitled to recover on their proof.

Error to DeKalb Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED.

*Hewitt & Hewitt* for plaintiff in error.

(1) Our statutes of administration have entirely superseded the machinery of the common law concerning the whole doctrine of equitable assets, marshalling of assets in equity, and bill for discovery of assets and accounting. The probate court was vested with power and authority under the statutes to compel an accounting by the executor upon proper complaint of any person interested in the estate. R. S. 1899, secs. 74-78. (2) Therefore, the circuit court was without jurisdiction. Titterington v. Hooper, 58 Mo. 493; Pierce v. Calhoun, 59 Mo. 271; Watkins v. Eaton, 173 Fed. 133; Re Estate of Branch, 123 Mo. App. 579. (3) The original petition was an action between tenants in common to recover their share of the rents and profits; by the amended petition, plaintiffs abandoned this cause, and asked that the executor account to them for the rents and profits. We think it is clear that the circuit court was without jurisdiction; that it was the usurpation of the authority and jurisdiction vested in the probate court. Scott v. Royston, 123 S. W. 460; Priest v. Spire, 96 Mo. 111; 9 S. W. Rep. 12. (4) On the face of the petition it is quite clear that plaintiffs had no

cause of action for an accounting for the rents and profits of the farm, for under the will pleaded the real estate was converted into personalty immediately upon the death of the testator. The plaintiffs were but legatees, with no legal interest whatever in the real property. How can one, having no interest in specific real estate, be entitled to an accounting at the hands of another for the rents and profits of such? 3 Pomeroy's Eq. Jur. (3 Ed.), last part of sec. 1160, p. 2310; Donaldson v. Allen, 182 Mo. 626; Morrisset v. Stephenson, 128 Mo. App. 338; Hope v. Brewer, 136 N. Y. 126; Glover v. Condell, 163 Ill. 566; Cottman v. Grace, 112 N. Y. 299; Crerar v. Williams, 145 Ill. 625; Harrington v. Pier, 105 Wis. 485; In re Estate of Branch, 123 Mo. App. 573.

*K. B. Randolph* and *W. M. Fitch* for defendants in error.

BROADDUS, P. J.—This is a suit to charge an executor with rents. The facts are as follows: George M. Williams died testate in DeKalb county, Missouri, in January, 1903, seized of an estate in land consisting of two hundred and twelve acres and some personal property. His will was probated January 23, 1903. The defendant Williams was made executor by the will. There were objections raised against him as a suitable person for the place but he finally qualified as such on the 1st of May of that year and took possession of the land, occupied and cultivated it for a year when he sold it as provided by the will. The will directed the executor to sell within two years after the death of the testator, all his real and personal estate at public or private sale as he might think most advisable and out of the proceeds to first pay debts, and then to distribute the remainder among his heirs.

Defendant gave as reason for not renting the farm,

that it was too late to do so on the first of May, and that he thought it best for him to occupy it.

Defendant in his inventory and final settlement in the probate court did not charge himself with the rent of the farm. The legatees under the will filed exceptions to his final settlement asking that the executor be charged with rent for the use of the land for one year; but the exceptions were overruled. On January 1, 1904, plaintiffs commenced this suit to recover judgment for the said rents. A trial was had and plaintiffs recovered judgment. A new trial was granted, by the court, after which the plaintiffs amended their petition in which they seek to charge defendant as executor for said rents. On the trial plaintiffs recovered judgment and defendant appealed.

In the first place defendant contends that the court had no jurisdiction of the subject-matter of the suit and rely in support thereof upon the following provisions of the statute.

It is provided by the chapter on Administration, section 74, p. 147, Revised Statutes 1899, that: "If the executor or administrator, or other person interested in any estate, file an affidavit in the proper court, stating that the affiant has good cause to believe and does believe that any person has concealed or embezzled, or is otherwise wrongfully withholding any goods, chattels, money . . . of the deceased, and has them in his possession or under his control, the court may cite such person to appear before it, and compel such appearance by attachment."

Under section 78, like proceedings may be instituted against an executor or administrator by any person interested in the estate. Sections 75, 76 and 77 provide for the mode of procedure, and the manner of hearing the issue arising on interrogatories. Section 77 is as follows: "The issue upon the interrogatories and answer thereto shall be tried by a jury, or if neither part

145 App—25

require a jury, by the court, in a summary manner, and judgment shall be rendered according to the finding and for costs, and if convicted the court shall compel the delivery of the property detained, by attachment of his person for contempt, and the court shall commit him to jail until he comply with the order of the court."

We are satisfied that the foregoing provisions of the statute have no application to the question, but wholly apply to property, money, etc., belonging to the deceased at the time of his death and to compel the production and surrender of the thing itself by a summary process. No provision is made for a judgment for the value of the thing upon failure to produce it. The subject-matter in controversy was not the property of the deceased at the time of his death, but an obligation, if any, of the executor arising after such death.

Conceding for the purpose of illustration that defendant is liable as executor for the claim of plaintiffs did the probate court have exclusive jurisdiction of the matter and should he have accounted for the rent in his settlement?

It is held that the rents and profits of land belonging to the deceased collected by the administrator, although not rented by an order of the probate court are nevertheless chargeable to him. [Lyons v. Lyons, 101 Mo. App. 494.] And so would an executor be chargeable with rent, or the use of the land, assuming that he was liable therefor, in his settlement with the probate court. Under such a state of facts the executor would become indebted to the estate during his administration of it. Section 98, of the act, provides that: "All debts due by an administrator to his testator or intestate shall be considered assets in his hands." And section 99 provides, that: "If any person appoint his debtor executor of such will such appointment shall not discharge the debt, but it shall be assets in his hands." These sections, it is true, refer to debts existing at the death of the testator or intestate, but we cannot see

how in any case debts are to be treated otherwise than as assets in the hands of the executor or administrator and as such to be accounted for in the ordinary course of administration. And as there can be no doubt but that the probate court has exclusive jurisdiction of such matters we hold that the court had no jurisdiction of the subject-matter of the suit.

It is further insisted that defendant was not liable to the plaintiffs for the use of the land.

The plaintiffs were not entitled to recover on their proof. Under the terms of the will they had no interest in the land, which provided it should be sold by the executor and proceeds after payment of debts paid to them as legatees. The devise operated as a conversion of the land at the death of testator into money. A similar question was determined by this court in Morris v. Stephenson, 128 Mo. App. 338, where the authorities are reviewed to some extent. [See also In re Estate of Branch, 123 Mo. 573.]

Judgment reversed. All concur.